# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00811-CV

---

**M. M. G., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-AG-17-000013, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

M.M.G. appeals from the trial court's decree terminating his parental rights to his children, E.M.A.-G. and E.A.-G.[1]  Following a bench trial, the trial court found by clear and convincing evidence that a statutory ground for terminating his parental rights existed and that termination of those rights was in the children's best interest.  *See* Tex. Fam. Code § 161.001(b)(1)(O), (2).

On appeal, M.M.G.'s court-appointed attorney has filed a motion to withdraw and a brief concluding that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights).  The brief meets the requirements of *Anders* by presenting a

---

[1]  We refer to appellant, who is the father of the children, and to the children by their initials only.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47. Appellant's counsel has certified to this Court that she provided M.M.G. with a copy of the *Anders* brief and motion to withdraw as counsel and informed him of his right to examine the appellate record and to file a pro se brief. To date, M.M.G. has not filed a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, stating that it will not file a response unless this Court requests one.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on M.M.G.'s behalf, and have found nothing that would arguably support an appeal. Accordingly, we affirm the trial court's decree terminating M.M.G.'s parental rights. We deny counsel's motion to withdraw.[2]

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: May 10, 2019

---

[2] *See In re P.M.*, 520 S.W.3d 24 (Tex. 2016) (per curiam). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends "to all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. at 27. Accordingly, counsel's obligation to M.M.G. has not yet been discharged. *See id.* If M.M.G., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.